1  Gina Fazio, Esq. #225178
   Law Offices of Jeffrey Milam
2  P.O. Box 26360
   Fresno, California 93729
3  (559) 264-2800

4  Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

AT FRESNO

| | |
|---|---|
| MARIA MIRANDA | 1:05-CV-1328 AWI LJO |
| Plaintiff, | STIPULATION AND ORDER TO DISMISS |
| vs. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties as follows: that the Civil Action filed on October 19, 2005 on behalf of Plaintiff be dismissed. After thorough review of the transcript, Plaintiff's counsel comes to the conclusion this claim lacks merit to continue. Plaintiff's counsel has conferred with Plaintiff and both are in agreement to dismissal.

Dated: September 7, 2006        /s/ Gina Fazio

                                GINA FAZIO, ESQ.
                                Attorney for Plaintiff

Dated: September 28, 2006

                                MCGREGOR SCOTT
                                United States Attorney

                                By: /s/ Kristi C. Kapetan
                                (as authorized via facsimile)
                                KRISTI C. KAPETAN
                                Assistant U.S. Attorney

1 **ORDER**

2   The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules

3 of Civil Procedure.  Rule 41(a)(1), in relevant part, reads:

4,5,6,7,8   an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

9 Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an

10 answer, by filing a written stipulation to dismiss signed by all of the parties who have

11 appeared, although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills

12 Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470,

13 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is

14 properly filed or made in open court, no order of the court is necessary to effectuate

15 dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.  Because Plaintiff has

16 filed a stipulation for dismissal as to all parties under Rule 41(a)(1)(ii) that is signed by all

17 parties who have made an appearance, this case has terminated.  See Fed. R. Civ. Pro.

18 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377

19 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

20   Therefore, IT IS HEREBY ORDERED that this action is DISMISSED and the Clerk

21 of the Court is DIRECTED to close this case in light of the parties' filed and signed Rule

22 41(a)(1)(ii) Stipulation For Dismissal.

23

24 IT IS SO ORDERED.

25 **Dated:   October 19, 2006**                   /s/ Anthony W. Ishii
0m8i78                                              UNITED STATES DISTRICT JUDGE

26

27

28